**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neighborhood Improvement Projects LLC, | No. CV-15-00523-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States Internal Revenue Service, et al., | |
| Defendants. | |

Before the Court is Plaintiff Neighborhood Improvement Projects LLC's ("NIP") Motion for Summary Judgment (on Count One Only), (Doc. 19), and Defendant United States of America's ("United States") Cross-Motion for Summary Judgment, (Doc. 22). The motions are fully briefed, and neither party has requested oral argument. For the following reasons, the United States' motion is granted and NIP's motion is denied.

**<u>BACKGROUND</u>**

This case involves competing liens on certain real property located in Scottsdale, Arizona ("the Property"), formerly owned by Sandra Rutter. (Doc. 20, ¶ 2; Doc. 24, ¶¶ 1-2.) On July 4, 2011, the Internal Revenue Service ("IRS") made assessments against Rutter for taxes, penalties, and interest associated with her 2008 federal income taxes. (Doc. 24, ¶ 3.) At the time those assessments were entered, a federal tax lien attached to all property owned by Rutter. *See* 26 U.S.C. §§ 6321-22. At some point prior to December 23, 2011, Rutter also failed to pay annual and special assessments to the Casa

Norte Homeowner's Association ("the HOA") in connection with the Property, (Doc. 20, ¶ 3; Doc. 24, ¶ 5), giving rise to an HOA lien.[1] *See* A.R.S. § 33-1807.

On December 23, 2011, the HOA filed an action in Maricopa County Superior Court seeking to foreclose its HOA lien against Rutter, along with a Notice of Lis Pendens in the Maricopa County Recorder's Office. (Doc. 20, ¶¶ 2, 4; Doc. 24, ¶¶ 6, 8.) The HOA did not name the United States or the IRS as co-defendants in the foreclosure action. (Doc. 24, ¶ 7.) On November 20, 2012, the IRS recorded a notice of its federal tax lien with the Maricopa County Recorder's Office. (Doc. 24, ¶ 4.) The HOA obtained a foreclosure judgment against Rutter on May 13, 2013. (Doc. 20, ¶ 6; Doc. 24, ¶ 9.)

NIP purchased the property at a sale held by the Maricopa County Sheriff's Office on July 25, 2013. (Doc. 20, ¶ 7; Doc. 24, ¶ 10.) NIP thereafter sent a letter to the IRS demanding that it release its tax lien on the Property. (Doc. 24, ¶ 13.) As a result of the priority dispute, NIP filed an action against the United States and the IRS in Maricopa County Superior Court, seeking to quiet title to the Property and to recover damages pursuant to A.R.S. § 33-420(C). (Doc. 1-1.) The United States removed the matter to this Court. (Doc. 1.) NIP seeks summary judgment only on its quiet title claim. The United States seeks summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

**I. Quiet Title**

The parties agree that resolution of NIP's quiet title action depends solely on the priority of the HOA and federal tax liens. The priority of a federal tax lien vis-à-vis a competing state law lien is a matter of federal law. *Aquilino v. United States*, 363 U.S.

---

[1] Neither party identifies when Rutter stopped paying her HOA assessments.

509, 513-14 (1960).  "Federal tax liens do not automatically have priority over all other liens.  Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'"  *United States v. McDermott*, 507 U.S. 447, 449 (1993) (quoting *United States v. New Britain*, 347 U.S. 81, 85 (1954)).  "Unless the competing lien falls into one of the limited categories of liens enumerated in [26 U.S.C.] § 6323(a), the federal tax lien need not be filed to gain priority over other interests; it is perfected at the time the lien is assessed."  *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1176 (6th Cir. 1990); *see* 26 U.S.C. §§ 6321-22.  "The priority of a state lien depends on when it 'attached to the property in question and became choate.'"  *Monica Fuel, Inc. v. I.R.S.*, 56 F.3d 508, 511 (3d Cir. 1995) (quoting *New Britain*, 347 U.S. at 86).  Although a state's classification of a lien is instructive, the effect of a state law lien relative to a federal tax lien "is always a federal question."  *United States v. Sec. Trust & Sav. Bank of San Diego*, 340 U.S. 47, 49-50 (1950).

A competing state lien is choate for purposes of federal law "only when it has been 'perfected' in the sense that 'the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'"  *McDermott*, 507 U.S. at 449 (quoting *New Britain*, 347 U.S. at 84) (emphasis omitted).  Additionally, a state law lien is considered sufficiently choate only when it is summarily enforceable.  *See Sec. Trust & Sav. Bank of San Diego*, 340 U.S. at 51 ("It has never been held sufficient to defeat the federal priority merely to show a lien effective to protect the lienor against others than the Government, but contingent upon taking subsequent steps for enforcing it."); *Monica Fuel*, 56 F.3d at 512-13 ("[A] right to enforce a lien summarily (that is, without a judicial proceeding) is a requirement of choateness in addition to the tripartite rule of fixed identity, property and amount . . . ."); *In re Terwilliger's*, 911 F.2d at 1176 ("[T]he state lien holder must show that he had the right to enforce the lien at some time prior to the attachment of the federal lien."); *In re Rogers*, No. 05-1119-PHX-DGC, 2005 WL 3278043, at *2 (D. Ariz. Nov. 9, 2005) ("The first in time, first in right principle requires that the state lien be both choate and summarily enforceable.").  A lien is summarily

enforceable if a creditor can enforce it without resort to judicial processes. *See Monica Fuel*, 56 F.3d at 512-13. If a creditor lacks the ability to enforce its lien automatically or through purely ministerial acts, the lien is not summarily enforceable because "[n]umerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded." *Sec. Trust & Sav. Bank of San Diego*, 340 U.S. at 50.

### A. Choateness

Here, the federal tax lien arose and was perfected on July 4, 2011, because the IRS assessed taxes, penalties, and interest against Rutter on that date. Accordingly, unless the HOA lien fell into one of the limited categories of liens enumerated in 26 U.S.C. § 6323(a), it was senior to the federal tax lien only if it was choate prior to July 4, 2011. To establish priority, NIP relies on A.R.S. § 33-1807, which states in relevant part:

> A. *The association has a lien on a unit for any assessment levied against that unit from the time the assessment becomes due.* The association's lien for assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments may be foreclosed in the same manner as a mortgage on real estate but may be foreclosed only if the owner has been delinquent in the payment of monies secured by the lien, excluding reasonable collection fees, reasonable attorney fees and charges for late payment of and costs incurred with respect to those assessments, for a period of one year or in the amount of one thousand two hundred dollars or more, whichever occurs first. Fees, charges, late charges, monetary penalties and interest charged pursuant to § 33-1803, other than charges for late payment of assessments are not enforceable as assessments under this section. *If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment of the assessment becomes due.* . . .
>
> . . .
>
> E. *Recording of the [Covenants, Conditions, and Restrictions ("CC&Rs")] constitutes record notice and perfection of the lien for assessments, for charges for late payment of assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments. Further recordation of any claim of lien for assessments under this section is not required.*

(emphasis added.) Based on the relation-back language in Subsection E, NIP argues that the HOA lien was choate at the time the CC&Rs were recorded.

- 4 -

NIP does not identify precisely when the CC&R's were recorded or when the HOA assessments became past due. It contends only that the HOA lien was perfected prior to December 23, 2011—the date the foreclosure lawsuit was filed. Even assuming, that the CC&Rs were recorded prior to July 4, 2011, the HOA lien was not sufficiently choate under federal law because it was not summarily enforceable. The HOA lien was not "'given the force of a judgment' upon assessment." *Monica Fuel*, 56 F.3d at 513 (quoting *United States v. Vermont*, 377 U.S. 351, 359 (1964)). Instead, the HOA was required by law to resort to judicial processes to enforce its lien. *See* A.R.S. § 33-1807(F) ("A lien for an unpaid assessment is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessment becomes due."). NIP cites no mechanism by which the HOA could enforce its lien without having "to engage in a judicial contest to attain a judgment in its favor." *Monica Fuel*, 56 F.3d at 513. Here, the HOA engaged in a seventeen-month foreclosure action during which numerous contingencies could have arisen to prevent it from enforcing its lien. NIP's reliance on § 33-1807(E)'s relation-back language is unavailing. "[T]he doctrine of relation back," cannot "operate to destroy the realities of the situation." *Sec. Trust & Sav. Bank of San Diego*, 340 U.S. at 50. Because the HOA lien was not sufficiently choate prior to July 4, 2011, it was junior to the federal tax lien.

**B.  Security Interest Exception**

NIP also argues that the HOA lien was a security interest. Pursuant to § 6323(a), a federal tax lien is not valid "as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof . . . has been filed . . . ." Here, the United States recorded notice of the federal tax lien on November 20, 2012. Thus, the HOA lien would have been senior to the federal tax lien if it was a security interest in existence prior to November 20, 2012.

NIP did not advance this position in its motion for summary judgment. The term "security interest" is not mentioned in the motion, the only citation to § 6323(a) appears in a block quotation from the dissenting opinion in *McDermott*, and NIP's motion fails to

discuss whether the HOA lien meets the definition of a "security interest" under § 6323(h).  Further, NIP's complaint does not allege that the HOA lien is a security interest, (Doc. 1-1), and NIP did not assert this position in its answers to the United States' interrogatories, (Doc. 24-11).

That NIP has not advanced this position in this lawsuit is further demonstrated by the dearth of evidence supplied by NIP to support it.

> To come within the protection of § 6323(a), a holder of a security interest must establish four conditions: (1) that the security interest was acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss; (2) that the property to which the security interest was to attach was in existence at the time the tax lien was filed; (3) that the security interest was, at the time of the tax lien filing, protected under state law against a judgment lien arising out of an unsecured obligation; and (4) that the holder of the security interest parted with money or money's worth.

*In re Haas*, 31 F.3d 1081, 1085 (11th Cir. 1994) (citing 26 U.S.C. § 6323(h)(1)).  NIP contends that the CC&Rs constitute "a contract for the purpose of securing payment or performance of any obligation," but it does not supply a copy of the CC&Rs.  Further, assuming that NIP could establish that a security interest was acquired by contract, it supplies no evidence that the HOA parted with money or money's worth.  "[T]he term 'money or money's worth' includes money, a security . . ., tangible or intangible property, services, and other consideration reducible to money value."  26 C.F.R. § 301.6323(h)-1(a)(3).  Although NIP argues that "the HOA assessments are certainly for money or money's worth," it supplies no evidence that the HOA exchanged money, goods, services, or other consideration at the time it assessed the unpaid sums.

Moreover, NIP cannot demonstrate that the HOA lien was protected against subsequent judgment lien creditors.  As previously explained, NIP argues that the HOA lien automatically arose when the assessments became past due and was deemed perfected as of the date of the recordation of the CC&Rs.  Although Arizona law provides a relation-back date of perfection for HOA liens, *see* A.R.S. § 33-1807(E), a security interest's perfection date for purposes of § 6323(h) is "determined without regard to any rule of principle of local law which permits the relation back of any requisite action to a

- 6 -

date earlier than the date on which the action is performed." 26 C.F.R. § 301.6323(h)-1(a)(2)(i). To meet the federal definition of security interest, the HOA would have had to record a separate lien against Rutter after the assessments became past due. *See* A.R.S. § 33-411(A) ("No instrument affecting real property gives notice of its contents to subsequent purchasers or encumbrance holders for valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located.").

Thus, even if NIP did not waive the security interest argument, it has not carried its burden of establishing that the HOA lien falls into one of § 6323(a)'s limited exceptions. The United States is entitled to summary judgment on Count One.

**II. Damages**

NIP also seeks unspecified statutory damages pursuant to A.R.S. § 33-420(C), which states:

> A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he willfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

Because the federal tax lien was superior to the HOA lien, the United States cannot be liable under this section. Moreover, NIP cannot sue the United States for damages because the United States has not waived sovereign immunity under these circumstances.

The United States cannot be sued without its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Although the United States may waive its sovereign immunity, such a waiver must be unequivocally expressed, not implied. *Id.* A waiver must be strictly construed in favor of the government. *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992).

Here, the United States has waived sovereign immunity for NIP's quiet title action

- 7 -

pursuant to 28 U.S.C. § 2410, but that section does not extend to an action for damages. *See Ringer v. Basile*, 645 F. Supp. 1517, 1526 (D. Colo. 1986) ("Although the statute allows for a quiet title action to proceed because of the statutory waiver of immunity, damage actions cannot be construed as quiet title actions."); *see also Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989) ("[B]ecause the [plaintiff] . . . seeks monetary damages, we cannot construe this as a quiet title action under § 2410.").

NIP argues that its damages claim is authorized by 26 U.S.C. §§ 7426 and 7433. These provisions are inapposite to this case. First, § 7426 applies to actions challenging an IRS levy on property. § 7426(a)(1)-(4). The IRS has not issued a levy to NIP. "If the Government has not levied on the property . . . the owner cannot challenge such a levy under . . . § 7426." *United States v. Williams*, 514 U.S. 527, 536-37 (1995). Next, § 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

By its terms, this section is limited to actions brought by taxpayers. Moreover, the plaintiff must be the taxpayer "from whom the IRS collected the tax . . . that is, the direct taxpayer, not a third party." *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999). Here, NIP is not the taxpayer against whom the IRS filed its lien, nor has NIP paid the taxes at issue. Accordingly, the provisions cited by NIP do not establish an unequivocal waiver of sovereign immunity. The United States is entitled to summary judgment on Count Two.

## **CONCLUSION**

For the foregoing reasons, the United States is entitled to summary judgment on all claims.

**IT IS ORDERED** that Plaintiff Neighborhood Improvement Projects LLC's Motion for Summary Judgment (on Count One Only), (Doc. 19), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant the United States of America's ("United States") Cross-Motion for Summary Judgment, (Doc. 22), is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 25th day of November, 2015.

Douglas L. Rayes
United States District Judge